# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Nathan Long,**
**Petitioner Below, Petitioner**

**FILED**

January 14, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) **No. 11-1342** (Harrison County 09-C-508)

**David Ballard, Warden, Mount Olive Correctional Complex,**
**Respondent Below, Respondent**

### MEMORANDUM DECISION

This appeal with accompanying appendix record, filed by counsel Perry B. Jones, arises from the Circuit Court of Harrison County, wherein petitioner's petition for writ of habeas corpus was denied by order entered on August 25, 2011. Respondent Ballard, by counsel C. Casey Forbes, filed a summary response in support of the circuit court's decision.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

The Harrison County grand jury indicted petitioner on multiple counts of various sexual offenses. During *voir dire* of the trial jury panel, one prospective juror voiced that he was a cousin to the elected Harrison County Prosecuting Attorney, although the juror did not know with certainty how distant of a cousin. An assistant prosecutor, and not the prosecuting attorney, was handling the trial of this matter. Upon examination by the court and counsel for both sides, the juror stated that he and the prosecutor only socialized at family reunions and that this relationship would not cause the juror any problems or create any bias or prejudice. Defense counsel declined to move to strike this juror for cause and also decided not to use a peremptory strike to remove the juror. During the habeas evidentiary hearing, defense counsel testified that, for purposes of strategy, they had preferred this juror to other prospective jurors. Among other reasons, this juror had a prior misdemeanor conviction, which defense counsel thought might make the juror more favorably disposed toward their case. The subject juror remained on the jury that acquitted petitioner of six counts[1] and convicted petitioner of three counts of first degree sexual assault and six counts of sexual abuse by a parent, guardian, or custodian. Following petitioner's omnibus petition for habeas corpus relief, the circuit court held an evidentiary

---

[1] The specific charges of which petitioner was acquitted are not revealed in the record on appeal.

hearing and subsequently entered its order denying petitioner habeas corpus relief. Petitioner appeals this habeas order, arguing two assignments of error.[2]

Petitioner first argues that the circuit court erred in concluding that petitioner failed to prove by a preponderance of the evidence that his trial counsel were ineffective due to their failure to move to strike for cause, or use a peremptory strike, to remove this juror. At the evidentiary hearing on petitioner's habeas corpus petition, both of his trial counsel testified that they should have moved to strike this juror pursuant to Syllabus Point 4 of *State v. Beckett*, 172 W.Va. 817, 310 S.E.2d. 883 (1983), which states: "A potential juror closely related by blood or marriage to either the prosecuting or defense attorneys involved in the case or to any member of their respective staffs or firms should automatically be disqualified." Petitioner's trial counsel admitted that neither were aware of this law at the time of trial. Second, petitioner argues that the trial court itself should have *sua sponte* excluded this juror, and that the habeas circuit court erred in failing to make findings concerning this issue pursuant to West Virginia Code § 53-4A-7(c).

In response, respondent argues that the habeas circuit court did not err in finding no ineffective assistance of counsel pursuant to the test set forth in Syllabus Point 5 of *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). Respondent argues that defense counsel properly questioned the juror, exercising reasonable diligence to ascertain any disqualification. *See* Syl. Pt. 8, *State v. Bongalis*, 180 W.Va. 584, 378 S.E.2d 449 (1989). Respondent argues that defense counsel had a strategic basis for not striking the juror. Moreover, respondent argues that even if there was deficient performance, there is no reasonable probability that had the juror been struck that the proceedings would have been different. Respondent argues that petitioner's acquittal of six counts indicates that the verdict was based on the evidence, not on any alleged juror bias. Respondent also argues that the habeas circuit court did address and reject the claim that the trial court should have *sua sponte* removed the juror.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

We find that the circuit court did not abuse its discretion in denying the petition for habeas corpus. Petitioner fails to satisfy the test set forth in Syllabus Point 5 of *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995), which requires a petitioner claiming ineffective assistance of counsel to prove that "(1) [trial] [c]ounsel's performance was deficient under an objective

---

[2] Although petitioner originally raised several issues in his petition for writ of habeas corpus in circuit court, he only raises two issues on appeal, both of which concern the juror.

standard of reasonableness; and (2) there is a reasonable probability that, but for [trial] counsel's unprofessional errors, the result of the proceedings would have been different." "In deciding ineffective of assistance claims, a court need not address both prongs of the conjunctive standard . . . but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test." Syl. Pt. 5, in part, *State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 465 S.E.2d 416 (1995). The circuit court addressed the first prong of the test. Upon a review of the parties' arguments and the record on appeal, we also determine that petitioner has not shown a reasonable probability that the outcome would have been different had the juror been struck. We find no abuse of discretion.

As to whether the circuit court should have *sua sponte* removed the subject juror, we recognize the following:

> A trial court's failure to remove a biased juror from a jury panel does not violate a defendant's right to a trial by an impartial jury as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and by Section 14 of Article III of the West Virginia Constitution. In order to succeed in a claim that his or her constitutional right to an impartial jury was violated, a defendant must affirmatively show prejudice.

Syl. Pt. 7, *State v. Phillips*, 194 W.Va. 569, 461 S.E.2d 75 (1995). The petitioner has not affirmatively shown prejudice. Moreover, a review of the final order and the transcript of the omnibus hearing shows that the habeas court did consider, but reject, petitioner's argument that the court should have *sua sponte* removed the juror at trial.

For the foregoing reasons, we affirm the denial of habeas corpus relief.

Affirmed.

**ISSUED:**

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II